IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD PRATHER, as guardian ) <br> for A.P., AND A.P. ) <br>             **Plaintiffs**, ) <br> ) <br> v. ) <br> ) <br> **FIRST STUDENT INC.**, d/b/a ) <br> **FIRST STUDENT MANAGEMENT, LLC** ) <br> ) <br>             **Defendant.** ) <br> ) | Case No. 18-cv-02178-CM-GEB |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint (**ECF No. 17**)[1] and Plaintiffs' Motion to Opt Out of Mediation (**ECF No. 40**). After careful consideration of the parties' arguments and for the reasons set forth below, the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS**[2] that (1) Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint be **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**; (2) the case be **REMANDED** to the District Court of Johnson County, Kansas; and (3) Plaintiffs' Motion to Opt Out of Mediation be **DENIED WITHOUT PREJUDICE**.

---

[1] For an explanation of why this is Plaintiffs' second motion for leave to amend, *see infra* note 24.
[2] As explained herein, the Court finds that Plaintiffs' request to amend their complaint to add a non-diverse defendant should be granted. Because the addition of a non-diverse defendant nullifies federal jurisdiction over this case, the Court believes the case should be remanded to state court. Because ordering remand of a case is dispositive, the undersigned must issue a report and recommendation to the district judge. *See* 28 U.S.C. § 636(b)(1)(B); D. Kan. Rule 72.1.1(d); *Wayman v. Accor N. Am., Inc.*, 486 F. Supp. 2d 1280 (D. Kan. 2007) (magistrate judge issued report and recommendation where remand was necessary upon addition of non-diverse defendant).

1

## I.     Background[3]

This action arises from Plaintiffs' allegations that A.P. was sexually assaulted by another student while riding home from school on a bus owned and operated by Defendant.[4] Plaintiffs assert a state law negligence claim against Defendant for removing the monitor from the bus before its departure from the school, for failing to appropriately monitor the students on the bus, and for failing to prevent and stop the alleged sexual assault.[5]

Plaintiffs, residents of Kansas, originally filed their claim in the District Court of Johnson County, Kansas on March 7, 2018.[6] On April 13, 2018, Defendant, an Ohio based corporation, removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[7] On July 10, 2018, this Court held a Scheduling Conference, and as relevant here, set a deadline of August 8, 2018 for the parties to seek leave to join additional parties or otherwise amend the pleadings.[8] The Court also set a mediation deadline of November 9, 2018.[9]

On July 23, 2018, Plaintiffs timely filed their Second Motion for Leave to File Plaintiffs' First Amended Complaint, which is at issue here.[10] Since that time, the parties

---

[3] Unless otherwise stated, this background information should not be construed as judicial findings or factual determinations.
[4] Petition for Damages, pp. 2-5 (ECF No. 2).
[5] *Id.*
[6] *Id.*
[7] Notice of Removal (ECF No. 1).
[8] Scheduling Order, pp. 1, 7 (ECF No. 14).
[9] *Id.* at p. 2.
[10] ECF No. 17.

have participated in discovery and engaged in pre-mediation negotiations.[11] On October 24, 2018, Plaintiffs, based on apparently unsuccessful pre-mediation negations, filed a Motion to Opt Out of Mediation, which is the other motion at issue here.[12]

## II. Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 17)

### A. Legal Standard

Fed. R. Civ P. 15 governs the procedure for amending the pleadings. Parties may amend their pleadings once as a matter of course before the responding party answers or within 21 days after service of a responsive pleading.[13] Otherwise, a party may amend only with the opposing party's written consent or by leave of court, and such leave shall be freely given when justice so requires.[14] Because the time to amend as a matter of course has passed and Defendant does not consent, the Court must determine if leave to amend should be granted under the circumstances presented.

The decision to allow an amendment is within the sound discretion of the court.[15] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[16]

---

[11] *See, e.g.,* Defendant's Unopposed Motion to Extend Deadline to File Joint Mediation Notice, ¶ 5 (ECF No. 37).
[12] ECF No. 40.
[13] Fed. R. Civ. P. 15(a)(1).
[14] Fed. R. Civ. P. 15(a)(2).
[15] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

In exercising its discretion, the court must be mindful that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[17] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[18]

This policy of liberal amendments, however, is not without its limits.[19] Implicitly, Rule 15 permits plaintiffs to amend their complaints only to add matters properly included in the original complaint.[20] Thus, when a court is faced with a motion to amend seeking to join an additional party, as is at issue here, the Court must consider not only the liberal amendment provisions of Rule 15(a), but also the joinder provisions of Rules 19 and 20.[21] The standards regarding those Rules will be discussed as necessary in the sections below.

B. Discussion

Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint (hereinafter referred to as "Motion") seeks to amend their complaint in two ways. First, it requests joinder of Nelda Piper, a Kansas resident, as a defendant for purposes of asserting a negligence claim against her. Plaintiffs state Ms. Piper was driving the bus during the alleged sexual assault, making her potentially negligent for the same reasons asserted against Defendant, namely for removal of the bus monitor, failure to monitor the students

---

[17] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[18] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).
[19] *Johnson v. Kraft Foods N. Am., Inc.,* No. 05-2093-JWL-DJW, 2006 WL 8429267, at *1 (D. Kan. Apr. 3, 2006).
[20] *Id.* (citing *Murray v. Sevier,* 145 F.R.D. 563, 568 (D. Kan. 1993)).
[21] *Id.*

on the bus, and failure to prevent/stop the alleged assault. Plaintiffs state they are seeking to join Ms. Piper now because they only recently obtained information identifying her as the bus driver. Second, pursuant to Rule 9(g),[22] Plaintiffs seek to specifically state a claim for punitive damages against both Defendant and Ms. Piper.

Defendant opposes the proposed amendments as untimely and futile. Defendant argues Plaintiffs have not provided an adequate explanation for their delay in seeking to join Ms. Piper. Regarding futility, Defendant contends Ms. Piper cannot be joined because she is not a necessary party under Rule 19. Defendant further insists Plaintiffs cannot add claims for punitive damages because they have not met the high bar imposed by Kansas state law, which controls this action.[23] Defendant also complains that joinder of Ms. Piper, a Kansas resident, will destroy diversity jurisdiction and necessitate a remand to state court, which, per Defendant, may be Plaintiffs' motivation in seeking leave to amend in the first place. The Court will address each proposed amendment and Defendant's arguments thereto below.

> **1.     Plaintiffs' Request for Leave to Join Ms. Piper to Assert a Negligence Claim Against Her**
>
>> **i.     Timeliness**

Defendant argues Plaintiffs' request to add a negligence claim against Ms. Piper is

---

[22] Fed. R. Civ. P. 9(g) provides that if "an item of special damage is claimed, it must be specifically stated."

[23] Because this is a diversity action, under the *Erie* doctrine, this federal Court must apply the substantive law of the forum state, but its own federal procedural law. *See, e.g., Somrak v. Kroger Co.*, No. 17-2480-CM-GEB, 2018 WL 1726346, at *3 (D. Kan. Apr. 10, 2018) (internal citations omitted).

untimely. Defendant contends Plaintiffs failed to provide an adequate explanation for the nearly five-month lapse between the filing of this lawsuit and their request for leave to amend. While Plaintiffs' Motion states a review of previously unavailable information regarding Ms. Piper prompted its request for leave to amend, Defendant argues this explanation lacks important details, including the content of the new information and when it was received.

Plaintiffs' reply brief, however, fills in the gaps. There, Plaintiffs state the information they received showing Ms. Piper as the bus driver was contained in a police report relating to the alleged assault. Plaintiffs did not receive the police report until May 21, 2018, nearly three months after they filed the case. In June of 2018, Plaintiffs conferred with Defendant regarding amending the complaint to join Ms. Piper. Defendant, however, declined to consent. This prompted Plaintiffs to file the instant Motion on July 23, 2018, well before the Court's August 8, 2018 deadline to amend the pleadings.[24]

Under these circumstances, the Court cannot find Plaintiffs' request to add a negligence claim against Ms. Piper untimely or unduly delayed. Plaintiffs' Motion was filed two months after receiving the police report, after conferring with Defendant to obtain consent, before the deadline for amending the pleadings set forth in the Scheduling Order, and before any substantive discovery had taken place. Further, the Court finds the cases

---

[24] It should be noted that Plaintiffs first moved for leave to add Ms. Piper as a defendant on July 9, 2018. (*See* Motion for Leave to File Plaintiffs' First Amended Complaint, ECF No. 11.) However, that motion was mooted during the July 10, 2018 Scheduling Conference so that Plaintiffs could refile their motion to include a request to add a claim for punitive damages, which they did on July 23, 2018 with the filing of the instant Motion. (*See* Order, ECF No. 15).

relied on by Defendant clearly distinguishable. In those cases, the motions for leave to amend were denied because they were filed months after the deadline for amending the pleadings had passed, near the end of the discovery, or after a dipositive motion had been filed.[25] None of these situations exist here.

### ii. Futility

Defendant argues Ms. Piper cannot be joined as a defendant because she is not a necessary party under Rule 19. Plaintiffs, on the other hand, do not argue joinder under Rule 19, but rather argue joinder under Rule 20. The Court will analyze joinder under each Rule.

Rule 19 governs joinder of required parties. In relevant part, it provides a person must be joined as a party if "in that person's absence, the court *cannot* accord complete relief among existing parties."[26] Defendant states Ms. Piper is not a necessary party under Rule 19 because Plaintiffs *could* obtain complete relief from Defendant if a jury found Ms. Piper acted within the scope of her employment. Defendant does not address what would happen to Plaintiffs' negligence claim against it if a jury were to find Ms. Piper was not acting within the scope of her employment. However, because Plaintiffs did not respond

---

[25] In *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993), the motion to amend was denied because it was filed four months after the court's deadline for amending pleadings. In *Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *3 (D. Kan. June 30, 2008), the motion to amend was denied because it was filed on the evening before the pre-trial conference and almost seven months after the deadline to amend pleadings. In *Klaassen v. Atkinson*, No. 13-2561-DDC, 2016 WL 1715434, at *3 (D. Kan. Apr. 29, 2016), the motion to amend was denied where plaintiff filed the motion four months after learning of the new information and one month before the close of discovery. In *Stone v. Simone*, 610 F. App'x 751, 754–55 (10th Cir. 2015), the motion to amend was denied where it was filed after defendants filed a dispositive motion and nearly a year after plaintiff filed his original complaint.
[26] Fed. R. Civ. P. 19(a)(1)(A) (emphasis added).

to Defendant's Rule 19 arguments and have not shown they *cannot* be afforded complete relief without the addition of Ms. Piper, the Court finds joinder under Rule 19 improper.[27]

Rule 20, on other hand, governs permissive joinder of parties. It provides that persons may be joined in one action as defendants if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."[28] The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[29] Courts generally construe Rule 20(a) broadly because "joinder of claims, parties, and remedies is strongly encouraged."[30]

After considering the above legal standard, the Court finds Ms. Piper is a proper party under Rule 20. Plaintiffs' proposed negligence claim against Ms. Piper is identical to the negligence claim asserted against Defendant. And, it clearly arises out of the same transaction or occurrence because the alleged sexual assault occurred on a bus owned and operated by Defendant, while Ms. Piper, Defendant's employee at the time, was driving the bus. The Court also finds there will likely be common questions of law or fact regarding

---

[27] *See Wayman v. Accor N. Am., Inc.*, 486 F. Supp. 2d 1280, 1285 (D. Kan. 2007) (denying joinder under Rule 19 because plaintiff only presented circumstances showing a potential for lack of full relief, and did not show he could not, under any circumstances, be afforded complete relief without the joinder); *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *2 (D. Kan. July 30, 2008) (joinder under Rule 19 inappropriate where court finds "relief can be so fashioned in the parties' absence such that complete relief can be afforded to those already parties.").
[28] Fed. R. Civ. P. 20(a)(2).
[29] *Hall*, 2008 WL 2949567, at *2 (citing *Biglow v. Boeing Co.*, 501 F.R.D. 519, 520 (D. Kan. 2004) (quoting 7 Wright, Miller & Kane, § 1652, at 395)).
[30] *Johnson*, 2006 WL 8429267, at *1 (internal citations omitted).

both Defendant and Ms. Piper. Specifically, why the bus monitor left the bus prior to it departing the school could impact the negligence claims against both Defendant and Ms. Piper. As could the issue of whether Ms. Piper was acting within the scope of her employment during the alleged incident. The Court, therefore, finds joinder of Ms. Piper proper,[31] and rejects Defendant's futility arguments to the contrary.

### iii. Prejudice and Bad Faith

Prejudice and bad faith are two other factors often considered by courts in deciding whether to grant leave to amend. While Defendant does not directly state it will be prejudiced by Plaintiffs' request to join Ms. Piper or state Plaintiffs have acted in bad faith, Defendant does imply it. Defendant states that because Ms. Piper is a Kansas resident, her joinder will destroy diversity jurisdiction and necessitate a remand to state court. Defendant argues Ms. Piper was not a necessary party in state court, is not a necessary party here, and is not subject to any stand-alone claims. As such, Defendant claims Plaintiffs are presumably seeking to amend their complaint to facilitate a remand to state court.[32]

The Court, however, finds Plaintiffs could not have joined Ms. Piper as a party in state court because they did not discover her identity until the police report was received

---

[31] *See, e.g., Wayman*, 486 F. Supp. 2d at 1285 (finding joinder of driver proper under Rule 20 where claims against driver and defendant employer arose out of the same incident and questions of facts and law would be common to both); *Hall*, 2008 WL 2949567, at *2-3 (finding joinder under Rule 20 proper where similar claims were asserted against proposed defendants as against existing defendants); *Broadnax v. GGNSC Edwardsville III LLC*, No. 13-2640-SAC, 2014 WL 1308908, at *4-6 (D. Kan. Mar. 28, 2014) (finding joinder of employees proper under Rule 20 where there is joint and several liability alleged arising out of the same occurrence with many questions of law and fact common to all defendants).

[32] Defendant's Response to Plaintiffs' Second Motion to Amend, p. 2 (ECF No. 23).

on May 21, 2018, which was after Plaintiffs filed the case and after Defendant removed the case to this Court. Further, for the reasons stated in the above section, the Court finds joinder of Ms. Piper under Rule 20 proper. Therefore, the Court does not find any prejudice or bad faith present here.[33]

In conclusion, the Court finds Plaintiffs' request to join Ms. Piper as a defendant for purposes of asserting a negligence claim against her timely, not futile, not prejudicial, and not made in bad faith, and recommends **GRANTING** Plaintiff's Motion in that respect. However, as pointed out by Defendant, joinder of Ms. Piper, a Kansas resident, may affect the Court's subject matter jurisdiction. This issue is discussed below.

### iv. Lack of Subject Matter Jurisdiction and Remand to State Court

Pursuant to 28 U.S.C. § 1441(a), if a federal court has original jurisdiction over a civil action filed in state court, a defendant can remove that action to federal court. Under 28 U.S.C. § 1332, federal courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. This statute confers diversity jurisdiction and requires complete diversity, meaning federal jurisdiction "does not exist unless each defendant is a citizen of a different State from each plaintiff."[34]

It was on this basis Defendant removed the action to federal court in April of 2018.

---

[33] *See, e.g., Broadnax*, 2014 WL 1308908, at *5-6 (rejecting argument that plaintiff's motivation to add non-diverse defendants was solely for remand purposes where court found joinder of defendants proper).

[34] *Bishop v. Moore*, No. CIV. A. 99-2275-GTV, 2000 WL 246583, at *1 (D. Kan. Feb. 4, 2000) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)); *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) ("[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.").

Plaintiffs are citizens of Kansas and Defendant, an Ohio based corporation, is deemed a citizen of Ohio,[35] and the amount in dispute exceeds $75,000. However, the joinder of Ms. Piper, a citizen of Kansas like Plaintiffs, nullifies jurisdiction under § 1332 because each defendant is no longer a citizen of a different State from each plaintiff.[36]

Subsection (e) of 28 U.S.C. § 1447 provides if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[37] Because this Court finds joinder of Ms. Piper as a defendant proper under Rule 20 and finds such joinder defeats federal jurisdiction under § 1332, it must recommend this case be **REMANDED** to state court.[38]

---

[35] 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated . . . .").

[36] *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.,* Inc., 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Bishop*, 2000 WL 246583, at *2 ("In the case where a plaintiff attempts to add a new, non-diverse defendant to his action, however, the court determines that such an addition serves to destroy diversity jurisdiction."); *Broadnax*, 2014 WL 1308908, at *2 (addition of non-diverse defendant destroys diversity jurisdiction); *Wayman*, 486 F. Supp. 2d at 1286-87 (addition of new, non-diverse defendant destroyed complete diversity of parties and therefore diversity jurisdiction).

[37] *See also* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[38] *Wayman*, 486 F. Supp. 2d at 1281-88 (remand appropriate where court granted plaintiff's motion to amend to add non-diverse defendant because such action destroyed federal court jurisdiction); *Broadnax*, 2014 WL 1308908, at *1-5 (ordering remand after plaintiff allowed to add non-diverse defendants); *Stubbs v. Kline*, No. 97-2133-JWL, 1998 WL 295598, at *1-2 (D. Kan. May 20, 1998) (ordering remand after granting plaintiffs' motion to amend their complaint to add non-diverse defendants); *Flappan v. Amerigas Propane, Inc.*, No. CIV.A. 08-2014-KHV, 2008 WL 940792, at *1 (D. Kan. Apr. 7, 2008) ("Under Section 1447(e), the post-removal addition of a non-diverse party compels the Court to remand the action.").

### 2.     Plaintiffs' Request to Add a Punitive Damage Claim Against Defendant and Ms. Piper

Plaintiffs' Motion also seeks to add a punitive damage claim against both Defendant and Ms. Piper. As stated above, this Court is recommending Plaintiffs' request to join Ms. Piper as a defendant for purposes of asserting a negligence claim against her be granted. Because joinder of Ms. Piper will destroy diversity jurisdiction, this Court is also recommending the case be remanded to state court. Therefore, because joinder of a negligence claim against Ms. Piper, in this Court's opinion, necessitates a remand on its own, the undersigned declines to decide whether the punitive damage claims should be added at this time. Instead, the Court will leave that decision to the state court. The Court believes this is proper due to the differences between Kansas and federal law regarding the addition of punitive damage claims to pleadings.

Under federal law, a party may include a punitive damage claim in its pleading as long as it is pled with specificity.[39] However, under Kansas law, a party must seek leave to add a punitive damage claim by filing the proper motion and presenting affidavits showing there is a probability, using a clear and convincing evidentiary standard, it will prevail in showing the opposing party acted with willful or wanton conduct.[40] Therefore, because a remand is being recommended on a separate basis and the standard to add

---

[39] *See* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."); *Somrak*, 2018 WL 1726346, at *3-4 (finding federal procedural law controls where parties seek to add a claim for punitive damages in federal court).
[40] *See* K.S.A. § 60-3703; *Fusaro v. First Family Mortg. Corp.*, 257 Kan. 794, 801 (1995).

punitive damage claims is considerably higher under Kansas law,[41] this Court recommends that Plaintiffs' request to amend to add such claims be **DENIED WITHOUT PREJUDICE** so it can be taken up in state court.[42]

### III. Plaintiffs' Motion to Opt Out of Mediation (ECF No. 40)

Similarly, because the Court is recommending this case be remanded to state court, it recommends Plaintiffs' Motion to Opt Out of Mediation be **DENIED WITHOUT PREJUDICE** and taken up in state court, if necessary.[43]

### IV. Conclusion

Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint seeks to (1) join Ms. Piper as a defendant for purposes for asserting a negligence claim against her and (2) add a punitive damage claim against both Defendant and Ms. Piper. Regarding the first proposed amendment, this Court finds Plaintiffs' request timely, not futile, not prejudicial, and not made in bad faith; and therefore, the Court recommends it be granted. However, because joinder of Ms. Piper, a Kansas resident, defeats diversity jurisdiction under § 1332, this Court recommends the case be remanded to state court.

Because the Court is recommending the case be remanded, it declines to decide whether Plaintiffs should be allowed to add the punitive damage claims to their complaint.

---

[41] *See Lawrence v. Gaarder*, No. 13–2102, 2014 WL 5341917, at *1 n.1 (D. Kan. Oct. 21, 2014) (citing *Vance ex rel. Wood v. Midwest Coast Transp., Inc*., 314 F.Supp.2d 1089, 1090 (D. Kan. 2004)).

[42] *See, e.g., Contractor's Equip. Co. v. BMO Harris Equip. Fin. Co*., No. 12-2055-JWL, 2012 WL 1473428, at *3 (D. Kan. Apr. 27, 2012) (declining to rule on motion to amend where remand to state court ordered).

[43] *See id.*

Due to the tensions between federal and state law in adding punitive damage claims to pleadings, the Court believes this decision is more appropriate for the state court judge. Therefore, the Court recommends Plaintiffs' request to add a punitive damage claim against Defendant and Ms. Piper be denied without prejudice. Similarly, this Court recommends Plaintiffs' Motion to Opt Out of Mediation be denied without prejudice so it can be taken up in state court, if necessary.

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 17) be **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**, and that Plaintiffs be ordered to modify its proposed First Amended Complaint[44] to remove Count II regarding punitive damages before filing in this Court.

**IT IS FURTHER RECOMMENDED** that pursuant to 28 U.S.C. § 1447(e), the case be **REMANDED** to the District Court of Johnson County, Kansas after the First Amended Complaint, modified as stated above, is filed.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion to Opt Out of Mediation (ECF No. 40) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this Report and Recommendation be served on the parties electronically through the Court's CM/ECF system. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), either party may file written objections to the proposed findings and recommendations made herein within fourteen (14) days after being

---

[44] The proposed complaint is attached as Exhibit A to Plaintiffs' Memorandum in Support of Second Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 18).

served. Failure to make a timely objection waives appellate review of both factual and legal questions.[45]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of November 2018.

s/ GWYNNE E. BIRZER  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[45] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).